# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NATALIE NELSON, individually and as )
natural mother and legal guardian of minor )
child ALEXANDER L.; RICHARD E. )
NELSON, maternal grandfather of )
ALEXANDER L.; CATHERINE R. NELSON,)
maternal grandmother of ALEXANDER L., )
                        )
             Plaintiff, )
    vs. )
                        )
MICHAEL WILLDEN, Director of the )
Nevada Department of Health and Human )
Services; AMBER HOWELL, Administrator )
of the Nevada Division of Child and Family )
Services; DONALD BURNETTE, Clark )
County Manager; CLARK COUNTY; LISA )
RUIZ-LEE, Director of Clark County )
Department of Family Services; DOES I-X, )
inclusive; DOES XI-XX, inclusive, )
                        )
          Defendants. )
_____)

Case No.: 2:13-cv-00050-GMN-VCF

# ORDER

       Pending before the Court is the Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (ECF No. 13) filed by Defendants Michael Willden and Amber Howell ("State Defendants").  Plaintiffs Natalie Nelson, Richard E. Nelson, and Catherine R. Nelson filed a Response (ECF No. 17) and the State Defendants filed a reply (ECF No. 20).

## I.    BACKGROUND

       This case arises from the tragic events that occurred on November 10, 2012 and resulted in the hospitalization of Plaintiff Alexander L.  Specifically, Plaintiffs allege that Alexander was placed into foster care by Clark County Department of Family Services ("DFS") after his mother, Plaintiff Natalie Nelson, was taken into custody for an outstanding warrant for an

1  unpaid taxi cab fare. (Compl. ¶ 23, ECF No. 1.)  Alexander was ultimately placed in the care of

2  a DFS approved foster mother who, on November 10, 2012, left the child in the care of

3  Osbaldo Sanchez for twelve hours or longer. (*Id.* ¶ 24.)  That same evening, the foster mother

4  "took Alexander to Mountainview Hospital in an unresponsive state." (*Id.* ¶ 25.)  Later that

5  evening, Alexander was transported to Sunrise Children's Hospital where medical staff

6  determined that the child "required emergency surgery to remove a portion of his skull to allow

7  for his brain to expand due to excessive swelling." (*Id.* ¶¶ 26–27.)  Soon thereafter, in the early

8  hours of November 11, 2012, DFS was notified of the incident. (*Id.* ¶ 29.)  On November 12,

9  2012, medical staff at Sunrise Hospital determined that "Alexander's injuries were consistent

10  with Shaken Baby Syndrome Inflicted Childhood Neurotrauma." (*Id.* ¶ 33.)  Several weeks

11  later, Alexander was transferred to a permanent care facility and "[h]is long term prognosis is

12  uncertain." (*Id.* ¶¶ 36–37.)

13      After this incident, Plaintiffs[1] filed the instant action alleging twelve causes of action:

14  (1) Violation of Substantive Due Process: Duty to Protect; (2) Violation of Substantive Due

15  Process: State Created Danger; (3) Violation of Plaintiff's Civil Rights – Familial

16  Relationships; (4) Violation of Plaintiff's Civil Rights – Municipal Liability; (5) Violation of

17  Adoption and Safe Families Act; (6) Violation of State Civil Rights; (7) Negligence;

18  (8) Negligent Supervision and Training; (9) Negligent Infliction of Emotional Distress;

19  (10) Vicarious Liability; (11) Civil Conspiracy; and (12) Intentional Infliction of Emotional

20  Distress. (*Id.* ¶¶ 38–120.)  In response, Defendant Amber Howell, Administrator of the Nevada

21  Division of Child and Family Services, and Defendant Michael Willden, Director of the

22  Nevada Department of Health and Human Services, (the "State Defendants") filed the instant

[1] Plaintiffs consist of Natalie Nelson, in her individual capacity and as representative for the minor child; Richard E. Nelson, the maternal grandfather of the minor child; and Catherine R. Nelson, the maternal grandmother of the minor child.  Defendant Clark County further identifies Jonathan Laws, the minor's father, as a party who may have an interest but has not been named as a participant. (ECF No. 25).

Motion to Dismiss. (Mot. to Dismiss 4:20–22, ECF No. 13.)  In their Motion, the State Defendants first assert that all Plaintiffs causes of action seeking money damages against the State Defendants in their official capacities must fail because they are entitled to sovereign immunity. (*Id.* 3:21–4:19.)  In addition, the State Defendants' seek dismissal of Plaintiffs' first through fifth causes of action because Plaintiffs have failed to properly allege individual capacity claims.

## II.    **LEGAL STANDARD**

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.    DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the alleged conduct (1) was committed by a person acting under color of state law, and (2) that this conduct deprived the plaintiff of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).  "[Section] 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted).

Plaintiffs' Complaint lists twelve causes of action, each of which is asserted against "All Defendants." (*See* Compl. ¶¶ 38–120, ECF No. 1.)  Defendants' Motion to Dismiss first asserts that all twelve causes of action fail to state a claim against the State Defendants in their official capacity. (Mot. to Dismiss 3:21–4:19, ECF No. 13.)  Defendants' Motion to Dismiss also argues that Plaintiffs' first five causes of action, each of which ostensibly arises under 42 U.S.C. § 1983, also fail to state a claim against the State Defendants in their individual capacity. (*Id.* 4:20–22.)  Rather than provide specific arguments related to each of these causes of action, the State Defendants have moved to Dismiss Plaintiffs' Complaint under two broad principles.  First, the State Defendants assert that Plaintiffs' cannot maintain an action against the State Defendants in their official capacities because they are entitled to sovereign immunity under the Eleventh Amendment.  Second, the State Defendants broadly assert that Plaintiffs have failed to state any causes of action against the State Defendants in their personal capacities.

### A.    Official Capacity Claims

Both parties agree that the Eleventh Amendment bars any claim for monetary relief against the State Defendants in their official capacities.  "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens . . . ." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984) (quoting *Employees v. Mo. Pub. Health & Welfare*

*Dep't*, 411 U.S. 279, 280 (1973)).  The Supreme Court has also stated that an official capacity claim is simply "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).  Thus, because both State Defendants are agents of the State of Nevada, any claims asserted against them in their official capacities are, in reality, claims against the State of Nevada.  Therefore, under the Eleventh Amendment, an action for monetary relief against the State of Nevada and its agents is barred.[2]  Plaintiffs' claims against the State Defendants in their official capacities must be dismissed with prejudice.

### B.  Individual Capacity Claims

"Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law.  Thus, . . . 'to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.'" *Hafer v. Melo*, 502 U.S. 21, 25 (citation omitted) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).  When a plaintiff asserts personal liability, any judgment against that person "comes from the official's *own* resources . . . [thus,] the Eleventh Amendment is not implicated, because the claim is truly against the individual, not the State." *Suever v. Connell*, 579 F.3d 1047, 1060 (9th Cir. 2009).

In *Suever*, the Ninth Circuit affirmed the district court's dismissal of a complaint that alleged that plaintiff's injuries were caused by unspecified policies and decisions. 579 F.3d at 1061–62.  The Ninth Circuit rejected the complaint by expressly recognizing that such allegations fail to identify the exact policy decisions that the state official made or how these decisions caused the alleged harm to the plaintiffs. *Id.* at 1062.  Furthermore, the Ninth Circuit

---

[2] The Supreme Court has recognized a narrow exception to this rule for actions against state officials in which plaintiffs seek prospective injunctive relief from unconstitutional conduct. *Ex Parte Young*, 209 U.S. 123, 159–160 (1908).  However, Plaintiffs expressly stated that they are not seeking such relief. (Resp. 5:9–10, ECF No. 17.)  Accordingly, Plaintiffs' claims against the State Defendants in their official capacities are dismissed with prejudice.

criticized the complaint for failing to "differentiate at all among the four named defendants" and failed "to tie any particular harm that any particular plaintiff allegedly suffered to *any discrete action* taken by [the state official]." *Id.* Thus, the court held that the district court properly dismissed the individual capacity claims. *Id.*

Here, similar to the plaintiffs in *Suever*, Plaintiffs have failed to identify "discrete action" taken by either Defendant Michael Willden or Defendant Amber Howell. In contrast, the Complaint collectively refers to "Defendants," without differentiating how each defendant caused the alleged deprivation. For example, in Plaintiffs' First Cause of Action, Plaintiffs merely alleged that "Defendants' conduct deprived ALEXANDER of his clearly established and well-settled rights under the Fourteenth Amendment . . .." (Compl. ¶ 39, ECF No. 1.) Plaintiffs follow this broad assertion with a litany of "failures" by the "Defendants," yet at no point do Plaintiffs identify the actions attributable to each of the State Defendants. (*See* Compl. ¶¶ 39–46.) This broad categorization of the alleged wrongful actions of "Defendants" continues in each of the five causes of actions that the State Defendants now challenge.[3] (*See* Compl. ¶¶ 47–75.) Accordingly, under *Suever v. Connell*, courts in the Ninth Circuit require additional facts before a claim for individual capacity can survive a motion to dismiss. 579 F.3d at 1062 ("[The Complaint] says nothing about what the 'internal policy decisions' were, or about how they purportedly harmed Plaintiffs. Rather, it again merely challenges the policies and customs continued by [the State Official] . . . . [The Complaint] fails to differentiate at all among the four named defendants."); *see also Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012) (holding that a complaint is too general to state allegations against state officials in their personal capacity when "[m]ost of the allegations in the complaint simply reference

---

[3] Plaintiffs' failure to recognize the different pleading standards for the different categories of Defendants is even more apparent in Plaintiffs' Fourth Cause of Action. (Compl. ¶¶ 61–65.) Specifically, the Court also questions how the Fourth Cause of Action for *Municipal* Liability could stand against the *State* Defendants.

'Defendants,' without specifying whether the conduct at issue was committed by the named State officials").

For these reasons, the Court GRANTS the State Defendants' Motion to Dismiss. However, these five causes of action are dismissed without prejudice. Because the Court cannot find that amendment would be futile, the Court grants leave to file an amended complaint that cures the deficiencies identified in this Order.

## IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 13) filed by Defendants Amber Howell and Michael Willden is **GRANTED**. Plaintiffs' claims against the State Defendants in their official capacities are dismissed with prejudice. Plaintiffs' claims against the State Defendants in their individual capacities are dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiffs shall file the amended complaint within fourteen (14) days of the date of this Order. Failure to file an amended complaint by that date will result in dismissal of Plaintiffs' first five causes of action against Defendants Amber Howell and Michael Willden with prejudice.

**DATED** this 12th day of February, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge