**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

NATALIE NELSON, *et al.*,

        Plaintiffs,

vs.

MICHAEL WILLDEN, *et al.*,

        Defendants.

Case No. 2:13–cv–50–GMN–VCF

**ORDER**

      This matter involves Natalie Nelson's civil rights action against Michael Willden. (*See* Amend. Compl. #48).[1] Before the court is Plaintiff Natalie Nelson's Motion to Compel (#63). Non-party Las Vegas Metropolitan Police Department filed an opposition (#67) and Nelson replied (#70). Also before the court is Las Vegas Metropolitan Police Department's Counter Motion for a Protective Order (#68). Nelson opposed (#71) and the Department replied (#74). For the reasons stated below, Nelson and the Department's motions are granted in part and denied in part.

**DISCUSSION**

      The parties' filings present two issues: (1) whether the meet and confer requirement applies to nonparties and (2) whether the Las Vegas Metropolitan Police Department ("Department") should be compelled to produce the requested documents. Each issue is addressed below.

      First, Nelson argues that Local Rule 26-7(b)'s meet and confer requirement "is inapplicable to the instant motion because [the Department] is a non-party to the lawsuit." (*See* Pl.'s Mot. to Compel (#63) at 2 n. 1). This is mistaken. Although Local Rule 26-7(b) states that "the parties" must meet and confer, where—as here—a local rule and federal rule conflict, the federal rule controls. *See* FED. R. CIV.

---

[1] Parenthetical citations refer to the court's docket.

P. 83(a)(1); *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995). Federal Rule of Civil Procedure 37(a)(1) states:

> On notice to other parties and **all affected persons**, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the **person** or party failing to make disclosure or discovery in an effort to obtain it without court action.

FED. R. CIV. P. 37(a)(1) (emphasis added). During the court's August 22, 2014, hearing Nelson argued that Rule 37(a)(1)'s meet and confer requirement does not apply to the Department because it is not a "person." This is also mistaken. Public entities, which are corporations, are persons. *Trustees of Dartmouth College v. Woodward*, 17 U.S. 518 (1819) (recognizing corporate personhood); *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010). Rule 37(a)(1)'s meet and confer requirement is not limited to natural persons.

As discussed by Magistrate Judge Johnston in *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996), a "facially valid motion to compel" has two components: "First is the actual **certification** document. The certification must accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute. Second is the **performance**, which also has two elements. The moving party performs, according to the federal rule, by certifying that he or she has (1) in good faith (2) conferred or attempted to confer." *Shuffle Master*, 170 F.R.D. at 170 (emphasis original). As discussed during the court's August 22, 2014 hearing, the meet and confer requirement is mandated by law because it conserves the court's and the litigant's time and resources.

Having determined that the meet and confer requirement applies to parties and nonparties alike, the court now turns to the second issue: whether the Department should be compelled to produce the requested documents. Federal Rule of Civil Procedure 26(b)(2)(C) states that "the court must limit"

discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit." During the August 22, 2014 hearing, the court heard arguments on Nelson's alleged need for the requested information and the burden that producing the information would place on the Department. Taking Rule 26(b)(2)(C)'s balancing policies into consideration, the court struck a middle path between full disclosure and no disclosure.

First, the court ordered the parties to file a Stipulated Confidentiality and Protective Order limiting the disclosure of information related to Kasondra Martinsen and Osbaldo Sanchez's criminal histories. The litigants complied and, on September 5, 2014, the court signed the Stipulation. (*See* Doc. #83).

Second, the court addressed the remaining subpoenaed documents. According to the Department, these documents fall into four categories: documents that will (1) subject the criminal defendants to an unfair trial; (2) provide information to criminal defendants, which they are not entitled to in the pending criminal actions; (3) chill cooperation of third-party witnesses in future investigations; and (4) make public confidential evaluations by officers regarding what law was violated and who violated the law. (*See* Dep't's Reply (#74) at 2:19–22). The Department asserts that these documents are subject to the law enforcement investigatory privilege. *See, e.g.*, *United States v. Winner*, 641 F.2d 825 (10th Cir. 1981).

In order to protect the Department's interest in the documents and permit discovery to proceed, as contemplated by the Federal Rules of Civil Procedure, the court ordered the following: the Department will (1) Bates stamp each responsive document, (2) review the responsive documents and compile a privilege log that identifies which category the document falls into, (3) permit Plaintiffs' counsel to review the privileged documents and verify the accuracy of the privilege log, (4) produce non-privileged responsive documents, and (5) comply with this order within thirty days. (*See* Mins.

Proceedings #75). When reviewing the privileged documents, Plaintiffs' counsel may not copy any of the privileged documents, but may take notes. Plaintiffs' counsel **must not disclose** the content of the privileged documents to anyone, including the Plaintiffs, until after the criminal prosecutions have concluded. After Plaintiffs' counsel has reviewed the documents, it may propose a discovery extension if the privileged documents are important to Plaintiffs' case.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Natalie Nelson's Motion to Compel (#63) is GRANTED in part and DENIED in part, in accordance with the terms stated above.

IT IS FURTHER ORDERED that Non-party Las Vegas Metropolitan Police Department's Counter Motion for a Protective Order (#68) is GRANTED in part and DENIED in part, in accordance with the terms stated above.

IT IS SO ORDERED.

DATED this 10th day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE