# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NATALIE NELSON, individually and as natural mother and legal guardian of minor child ALEXANDER L.; RICHARD E. NELSON, maternal grandfather of ALEXANDER L.; CATHERINE R. NELSON, maternal grandmother of ALEXANDER L., <br><br>    Plaintiff, <br> vs. <br><br>MICHAEL WILLDEN, Director of the Nevada Department of Health and Human Services; AMBER HOWELL, Administrator of the Nevada Division of Child and Family Services; DONALD BURNETTE, Clark County Manager; CLARK COUNTY; LISA RUIZ-LEE, Director of Clark County Department of Family Services; DOES I-X, inclusive; DOES XI-XX, inclusive, <br><br>    Defendants. | Case No.: 2:13-cv-00050-GMN-VCF <br><br>**ORDER** |

Pending before the Court is the third Motion to Dismiss (ECF No. 116) filed by Defendants Michael Willden and Amber Howell (collectively, "State Defendants"). Plaintiffs Natalie Nelson, Richard E. Nelson, and Catherine R. Nelson filed a Response (ECF No. 119), and the State Defendants filed a Reply (ECF No. 120).

**I. BACKGROUND**

This case arises from the tragic events that occurred on November 10, 2012, that resulted in the hospitalization of Plaintiff Alexander L. ("Alexander"). A more detailed recitation of the facts are provided in the Court's previous orders. (*See* ECF Nos. 46 and 92).

In the instant Motion, Defendant Amber Howell, Administrator of the Nevada Division

of Child and Family Services, and Defendant Michael Willden, Director of the Nevada Department of Health and Human Services (collectively, "State Defendants") assert that Plaintiffs "have again failed" to allege how either State Defendant "had any knowledge amounting to the standard for deliberate indifference that [Alexander's] licensed foster parent would cause and/or allow him to be injured in her care." (Mot. to Dismiss 2:26−28, ECF No. 116). Further, State Defendants assert that Plaintiffs fail to establish a causal connection to Alexander's harm because the allegations "identify a clearly episodic incident in a foster home rather than a systemic issue in the foster care system." (*Id.* at 3:9−11).

## II.  LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

Plaintiffs' Second Amended Complaint ("SAC") enumerates twenty-one causes of action, with each cause of action specifically identifying which Defendant the claim is against.[1] (*See* SAC, ECF No. 101). State Defendants' Motion to Dismiss asserts that ten of the twenty-one causes of action should be dismissed. (Mot. to Dismiss 5:1−14:12).

Specifically, State Defendants argue that the causes of action asserted pursuant to § 1983 should be dismissed because Plaintiffs "fail to create a causal connection between the personal involvement or knowledge" of State Defendants and Alexander's harm. (*Id.* at 5:3−4). Moreover, State Defendants allege that they are entitled to discretionary act immunity against Plaintiffs' negligence claims. (*Id.* at 12:6−7). Finally, Defendants argue that Plaintiffs' twentieth and twenty-first causes of action should be dismissed for failing to identify any action State Defendants' committed in conjunction with a civil conspiracy, and for failing to assert facts proximately related to the cause of harm for intentional infliction of emotional distress. (*Id.* at 13:19−14:12).

#### A. § 1983 Claims

Plaintiffs' first, third, sixth, and ninth causes of action assert various violations pursuant to § 1983. (*See* SAC ¶¶ 71−88, 101−113, 126−138, 149−165). For a 42 U.S.C. § 1983 claim, a plaintiff must allege (1) a violation of a constitutional right and (2) must show that the alleged violation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). Section 1983 "'is not itself a source of substantive rights,' but merely provides

---

[1] In its SAC, Plaintiffs list each cause of action numerically. Accordingly, although the SAC's final cause of action is entitled "TWENTY-SECOND CAUSE OF ACTION," Plaintiffs skip an entitled fourth cause of action, numerically leaving twenty-one total causes of action.

'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

In their present Motion, State Defendants argue that Plaintiffs again fail to allege a sufficient claim of personal involvement by State Defendants. (Mot. to Dismiss 2:24−28). Although Plaintiffs cured one of the Amended Complaint's (ECF No. 48) ambiguities by alleging each cause of action against a specific Defendant, the SAC still fails to allege a specific failing of either State Defendant with respect to Alexander. (*See* SAC ECF No. 101).

In regards to the special relationship claim, Plaintiffs assert the special relationship between State Defendants and Alexander was created when Alexander "was removed from the care of natural parents and placed into the care of the State of Nevada, wherein the State of Nevada assumed responsibility for Alexander's safety and wellbeing." (SAC ¶ 75). Further, Plaintiffs' state-created danger argument alleges that State Defendants "acted with a deliberate indifference to a known and obvious danger." (*Id.* at ¶ 76). To support this assertion, Plaintiffs offer fourteen examples of alleged "shortcomings with regard to the child welfare services provided within the State of Nevada." (*Id.*).

However, Plaintiffs' § 1983 claims again only list various duties and generally argue a systemic failure as to why the duties were not carried out, the same supervisory liability allegation that is not cognizable under § 1983. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Although the alleged shortcomings are of concern, they only delineate knowledge of general problems, and do not indicate the State Defendants' indifference or acquiescence to failures in Alexander's particular case. Therefore, the Court dismisses the substantive due process claims against the State Defendants in their individual capacities.[2]

### B. Negligence Claims

---

[2] Plaintiffs' Eleventh Cause of Action under the substantive due process clause of the Nevada Constitution (Art. 1 § 8(5)) is parallel to the Fourteenth Amendment substantive due process claims. Therefore, the § 1983 Fourteenth Amendment analysis correspondingly applies to Plaintiffs' Nevada Constitution violation.

Plaintiffs' fourteenth, fifteenth, and seventeenth causes of action assert claims of negligence per se, negligent supervision and training, and negligent infliction of emotional distress. (*See* SAC ¶¶ 198−220, 226−42). Nevada Revised Statute § 41.032 seeks to protect parties such as State Defendants from common law claims through discretionary act immunity. *See* Nev. Rev. Stat. § 41.032. Once the Court determines that the acts at issue are within the breadth of the statute, the immunity applies. *See Henry A. v. Willden*, 2:10-CV-00528-RCJ2013, WL 759479, at *12 (D. Nev. Feb. 27, 2013). Discretionary act immunity does not apply when acts are taken in bad faith or are "completely outside the authority of an official." *Id.*

Here, analogous to the previous Order, State Defendants' acts involve elements of judgment and choice as "management of the placement of wards of the state involve elements of judgment and choice*." Id.* at *15. Therefore, because Plaintiffs still allege negligence through supervisory acts or a failure to act, State Defendants are again entitled to discretionary act immunity. *See Neal-Lomax v. Las Vegas Metro. Police Dept.*, 574 F. Supp. 2d 1170, 1192 (D. Nev. 2008).

Although Plaintiffs have added accusations of State Defendants engaging in "bad faith" acts, Plaintiffs' assertions are conclusory and do not identify how the acts are "completely outside the authority of an official." *See Henry A.*, 2013 WL 759479, at *12. Because Plaintiffs do not sufficiently plead that State Defendants engaged in bad faith acts, and because Plaintiffs allege that State Defendants were negligent in discretionary acts, State Defendants have discretionary act immunity from the negligence claims.

Furthermore, Plaintiffs assert that State Defendants are negligent through Nevada Revised Statute 432B.180. *See* Nev. Rev. Stat. § 432B.180. In Nevada, negligence per se exists where: (1) the plaintiff can show that the defendant has violated a duty imposed by statute; (2) the plaintiff is a member of the class of persons intended to be protected by the statute or

regulation; and (3) the harm is of the kind intended to be prevented by the statute. *See Ashwood v. Clark County.*, 930 P.2d 740, 743−744 (Nev. 1997).  Although the statute dictates the duties of the Division of Child and Family Services generally, the statute does not, however, provide the duties of either State Defendant in their individual capacities. *See* Nev. Rev. Stat. § 432B.180.  Therefore, because State Defendants are entitled to discretionary act immunity and because the negligence per se claim is insufficient, the Court dismisses Plaintiffs' negligence claims as to the State Defendants.

### C. Civil Conspiracy

Plaintiffs' twentieth cause of action asserts civil conspiracy conducted by all Defendants. (*See* SAC ¶¶ 259−66).  Specifically, Plaintiffs allege that "Defendants confederated and agreed together, one with the other, and with others who may be yet unnamed, to act in concert to cause severe damage to Plaintiff." (*Id.* ¶ 262).  In order to successfully allege civil conspiracy, a plaintiff must establish: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001).  Further, the plaintiff must establish with particular specificity that "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

Here, discretionary act immunity established pursuant to Nevada Revised Statute § 41.032 protects State Defendants from common law claims, such as civil conspiracy. *See* Nev. Rev. Stat. § 41.032.  Because State Defendants' decisions pertaining to Alexander's medical care are discretionary functions or duties on behalf of the State, State Defendants are entitled to discretionary act immunity as to this claim.  Therefore, Plaintiff's twentieth cause of action against State Defendants is dismissed.

### D. Intentional Infliction of Emotional Distress

Plaintiffs' twenty-first cause of action alleges intentional infliction of emotional distress.

(*See* SAC ¶¶ 267−75).  Under Nevada law, the elements for an intentional infliction of emotional distress cause of action are "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiffs having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999) (quoting *Star v. Rabello*, 625 P.2d 90, 92 (1981)).

Here, Plaintiffs assert that State Defendants made the "intentional decision not to take any corrective action of Clark County for systemic pattern of maltreatment of children under its care." (SAC ¶ 270).  However, Plaintiffs' conclusory allegations that State Defendants intentionally chose not to act are insufficient.  Specifically, Plaintiffs again fail to allege adequate facts to demonstrate that the State Defendants explicitly and in their individual capacity engaged in intentional acts surrounding the situation.  The Court is not persuaded by Plaintiffs' attempts to argue general systemic failures as rising to the level of intentional conduct.  Thus, the Court dismisses Plaintiffs' intentional infliction of emotional distress claim as to the State Defendants.

### E. Leave to Amend

The Federal Rules of Civil Procedure Rule 15(a)(2) allows courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Additionally, the Ninth Circuit held "that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

However, dismissal is proper "when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v.*

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).  Further, courts may dismiss the complaint without leave to amend when a plaintiff's amendments "would fail to cure the pleading deficiencies and amendment would be futile." *Id.*

Here, after allowing Plaintiffs to amend its Complaint twice, Plaintiffs have consistently failed to allege the necessary facts to support their claims against the State Defendants. Because Plaintiffs continuously fail to cure the pleading deficiencies, the Court finds that granting Plaintiffs leave to amend for a third time would be futile.  Accordingly, the Court grants the State Defendants' Motion to Dismiss and dismisses Plaintiffs claims against the State Defendants with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 116) filed by State Defendants Amber Howell and Michael Willden is **GRANTED**.  Plaintiffs' claims against State Defendants are **DISMISSED with prejudice**, and State Defendants Amber Howell and Michael Willden are hereby **DISMISSED** from this action.

**DATED** this 19th day of August, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge